IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN JOHNSON | CRIMINAL ACTION<br><br>NO. 24-CR-187 |

**Baylson, J.**                                                                                                                    **August 21, 2025**

## I.  BACKGROUND

Defendant was allegedly in possession of certain illegal drugs and a loaded pistol when he was arrested on March 22, 2024 by Montgomery County detectives and police officers on several outstanding warrants for drug trafficking. ECF 47 at 1. Defendant is charged in this case with possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. Defendant has filed two motions to suppress evidence that was recovered from searches of the car he was observed driving, a backpack that was in the car, and a residence at 111 Wendover Drive Defendant was observed entering and exiting. ECF 41–42. The Government has filed a response opposing the Motions. ECF 47. The Court held a hearing on Defendant's Motions on August 11, 2025. After the hearing, Defendant filed two supplemental briefs in support of his Motions. ECF 50–51.

The Government called two witnesses to testify about the searches at the August 11, 2025 hearing. The Government's first witness was Detective Michael Laverty, a police officer since 2012 with the Upper Merion Township Police Department who also works with the Montgomery County detectives and is a Task Force Officer with the Drug Enforcement Administration. ECF 47-1 at 3–6.[1] Detective Laverty testified about his background with the Upper Merion Police

---

[1] There were three affidavits of probable cause for the search warrants. All three affidavits contain materially

Department and his significant experience in investigating drug trafficking, including his focus on narcotics investigations with the Montgomery County detectives squad.  Id.  The Government's second witness was Detective Evan Meoli, who has worked for the Upper Merion Police Department for six years and was involved in the arrest of Defendant.  After executing the arrest, Detective Meoli drove the vehicle that Defendant had been previously observed driving to a secure evidence bay at the Upper Merion Police Station.

The detectives testified at the hearing that after weeks of surveilling Defendant and conducting controlled drug purchases from Defendant using a confidential informant, the police had secured two search warrants the day before Defendant's arrest:  the first for Defendant's alleged residence at 111 Wendover Drive (Gov't Ex. 1 (ECF 47-1)) and the second for an automobile allegedly driven by Defendant (Gov't Ex. 2 (ECF 47-2)).  The automobile search warrant described the vehicle as a "Gray Chevrolet Sedan bearing Nevada registration KCB7217." ECF 47-2 at 1.  Both search warrants were signed by a Magisterial District Judge.

Detective Laverty testified that on March 22, 2024, the day of Defendant's arrest, he followed Defendant driving the Chevy sedan vehicle but noticed that while the numbers on the vehicle's license plate matched the search warrant and affidavit, the license plate was an Ohio plate, not Nevada.  Police arrested Defendant outside of his vehicle, and after the vehicle was secured by Detective Meoli at the Upper Merion Police Station, police obtained a second search warrant which corrected "Nevada" to "Ohio."  Gov't Ex. 3 (ECF 47-3).  The corrected warrant was signed by a Magisterial District Judge.  Both Detectives testified that no officer searched the Chevy sedan before obtaining the corrected warrant.  Police then executed the search warrants of

---

similar information.  Unless otherwise indicated, the Court refers to the warrant for the residence docketed at ECF 47-1 for convenience.

2

the car and residence, where they recovered the firearm, drugs, and drug trafficking paraphernalia. ECF 47 at 9.

Defendant challenges the searches, asserting that law enforcement lacked probable cause.[2] The Court finds that Detectives Laverty and Meoli were credible in all respects after substantial probing cross-examination by defense counsel. Because there was probable cause for the searches, the Court will **DENY** Defendant's Motions.

## II.   PARTIES' CONTENTIONS

Defendant argues that the police lacked probable cause to search the vehicle bearing Ohio plates, the backpack, and the residence at 111 Wendover Drive. Specifically, and as emphasized in supplemental briefing, Defendant contends that up until the day of Defendant's arrest, police believed Defendant to be driving a gray Chevrolet sedan bearing a Nevada registration. ECF 50 at 9. Only after seeing Defendant driving the car with Ohio plates on the day of Defendant's arrest did Detective Laverty seek a second corrected search warrant, which changed the license plate description from "Nevada" to "Ohio" in the body of the affidavit. Id. Defendant argues this second warrant contained materially false statements made knowingly or with reckless disregard for the truth and that there was no probable cause to search a Chevy Malibu with Ohio license plates. Id. at 9–12.

Defendant also argues that the police needed a separate warrant to search the backpack they found inside the car, id. at 12, and that there was no probable cause to search the residence at 111 Wendover Drive because police had no nexus tying Defendant to that address, ECF 51.

The Government responds that (a) based on the "automobile exception," no warrant was

---

[2] At the hearing, the Court repeatedly asked defense counsel for legal citations supporting his arguments. The Court allowed defense counsel to file a brief containing citations supporting the arguments. Defendant filed two supplemental briefs on August 19, 2025 (ECF 50–51), but the briefs do not cite any binding precedent which supports Defendant's arguments.

3

even required to search the car; (b) the license plate error on the warrant does not affect the validity of the warrant and, regardless, the error was corrected; and (c) Detective Laverty's investigation revealed numerous links between the Wendover Drive residence and Defendant's alleged drug trafficking crimes. ECF 47 at 9–17.

### III.   ANALYSIS

#### A.   The Mistake In The Car Search Warrant Is Insignificant

The Court finds that the error on the original search warrant for the car listing a Nevada registration was an innocent mistake and is not at all relevant. An assertion in a warrant affidavit is made with reckless disregard for the truth "when an officer has obvious reasons to doubt the truth of what he or she is asserting." United States v. Desu, 23 F.4th 224, 234 (3d Cir. 2022) (quoting Wilson v. Russo, 212 F.3d 781, 783 (3d Cir. 2000)). Here, Detective Laverty testified that an officer mistakenly told him that Defendant was driving a car with a Nevada license plate (the license plate numbers were correct) which is why he listed Nevada in the affidavit, but upon noticing the mistake when he surveilled Defendant driving a car with Ohio plates, he informed the law enforcement team that they would need a corrected warrant before searching the vehicle because of the defect. Detective Meoli testified that he did not search the vehicle before securing it at the police station. The police corrected the search warrant with a new warrant documenting an Ohio license plate. ECF 47-3. Defendant's attempt to make a legal issue of constitutional significance arising out of the initially mistaken belief that the license plate was from Nevada is rejected.

#### B.   The Detectives Had Probable Cause For The Searches

Probable cause existed to search the car, the backpack, and the residence. The Court applies a deferential review of the probable cause determinations, as all the search warrants were approved by a neutral judge, and the Third Circuit has held that a district court's role is "limited"

4

"[w]hen faced with a challenge to a magistrate's probable cause determination[.]" United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993) (the district court "simply ensures that the magistrate had a substantial basis for concluding that probable cause existed").

The affidavits detail four controlled purchases of illegal drugs from Defendant using a confidential informant between February and March 2024. At the third controlled buy the week of March 17, 2024, Detective Laverty observed Defendant driving a gray Chevy Malibu bearing Ohio registration KCB7217 as he arrived at the meeting location with the confidential informant. ECF 47-3 at 15–16.[3] At the fourth controlled buy, another detective observed Defendant exit 111 Wendover Drive and enter the driver's seat of the Chevy Malibu. Id. at 16–17.

In addition to these controlled purchases, members of the Montgomery County Detective Bureau Narcotics Enforcement Team surveilled Defendant on March 4, 2023. They observed Defendant meet with another individual under circumstances which, in Detective Laverty's experience, was consistent with a drug transaction. ECF 47-1 at 14–15. Defendant was later seen entering the front door of 111 Wendover Drive. Id. at 15. Detective Laverty spoke to a concerned citizen living in that area who reported regularly observing people coming and going from the apartment at 111 Wendover Drive and that the concerned citizen believed the apartment was being used for drug dealing. Id.

In addition to the supporting papers for the warrants which stated Defendant's history of drug trafficking and personal observations by the police officers, the testimony of the two detectives established that Defendant was observed making transactions that the police officers were justified in finding were drug transactions. As the testimony showed, the car being driven by Defendant before he was arrested contained a backpack, and after the search of the car, which

---

[3] Because the Court finds that the officers made a mistake in listing Nevada instead of Ohio, the Court refers here to the corrected warrant.

5

included a proper search of the backpack, the police found significant quantities of narcotics, a loaded firearm, and other items that are well known to law enforcement as drug trafficking paraphernalia. Defense counsel's cross-examination of the police officers was thorough and well prepared but did not result in any testimony supporting Defendant's Motions.

In sum, the affidavits, as confirmed by the hearing testimony, establish that officers had probable cause to search the car, backpack, and residence at 111 Wendover Drive.

## IV.  CONCLUSION

The Court finds that the issuance of the warrants were important and appropriate law enforcement efforts resulting in the arrest and subsequent prosecution of Defendant. The Motions to Suppress are therefore **DENIED**.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\Criminal Cases\24-CR-187, United States v. Kevin Johnson\24-cr-187 Memo re Motions to Suppress.docx